*EDWARD A. KIRK ET AL. v. TOLEDO (CITY) ET AL.

PROPERTY PROVIDED WITH LOCAL DRAINAGE FACILITIES BY CONSTRUCTION OF ONE SEWER IS NOT SUBJECT TO ASSESSMENT FOR SECOND SEWER.

> Where a sewer has been constructed which provides certain property with facilities for local drainage and the property has been assessed therefor, the fact that the property owner has not availed himself of the benefit of the sewer by connecting his property therewith, does not warrant the levying of a second assessment against the same property for a second sewer, so located that the property might be connected with it also for purposes of local drainage.

INJUNCTION.

*Averrill & Dodd,* for plaintiffs:

Cited and commented upon the following authorities: *Wewell* v. *Cincinnati,* 45 Ohio St. 407 [15 N. E. Rep. 196];

---

*Affirmed, no op., *Barfield* v. *Kirk,* 83 O. S. 509.

Kirk v. Toledo.

*Toledo* v. *Railway,* 2 Circ. Dec; 450 (4 R. 113) ; *Toledo* v. *Potter,* 10 Circ. Dec. 748 (19 R. 661) ; *Miller* v. *Toledo,* 5 Dec. 162 (7 N. P. 477).

*Cornell Schreiber* and *B. A. Hayes,* for defendants.

**KINKADE, J.**

This is an action brought to restrain the collection of a sewer assessment placed upon certain property to cover the benefits of local drainage. Two sewers were constructed, sub-main sewers, one known as No. 999 and the other known as 1018, constructed very nearly at the same time. No. 999 runs in Parkwood avenue and in front of some of the property, two pieces being on one side of the street and the other two on the other side, so that all four lots abut upon sewer 999. The property has been assessed its proper assessment for the construction of this sub-main sewer, and in addition to that all these four pieces have been assessed for local drainage. Since then the other sewer that was constructed at practically the same time and across Parkwood avenue at right angles between two of the lots and with a branch running back of two of the other lots, and the cost of this other sewer, so far as the benefits arising from local drainage are concerned, has been assessed upon this same property.

This is an action brought to restrain the collection of the assessment for local drainage of sewer 1018 on two grounds: first, that the property does not need it, and second, that it is already provided with local drainage. The position taken is that being already provided with local drainage, of course it does not need additional local drainage.

The case is here upon the pleadings and upon an agreed statement of facts, and by the agreed statement of facts it is shown that if connections were permitted to be made and were made to sewer 999 those connections from this property to that sewer would afford this property, all of it, complete local drainage. It is said by the city that the property is not provided with local drainage so long as the man who owns the property has not made the connection and availed himself of the local drainage that he has been provided with and assessed to pay and that so long as he does not connect with it and take

advantage of this benefit that has been extended to him, the city has a right to construct another sewer and find that that is a benefit to him as local drainage; and the same reason would continue if they went around the four sides of his property and put a sewer on every side, and answered his complaint that he had local drainage by saying the property is not provided with local drainage; it is simply so circumstanced as that you might provide it with local drainage if you connected it, but you haven't connected it, and therefore you haven't been provided with local drainage, and consequently we may find that the last of the four sewers surrounding the property affords you benefits for local drainage and assess you accordingly.

We think this position can not be maintained at all. If the first sewer constructed for which a man is assessed for local drainage is so located that the man may connect with it and thereby secure local drainage, we think so soon as it is constructed that he is provided with local drainage, and certainly his property thereafter does not need any additional provision except what he shall put in himself to furnish him such local drainage. We think that the position taken by the city in this matter is entirely untenable, and that the position taken by the plaintiffs here, Kirk and Heffelbauer, should be sustained, and that the city should be restrained from collecting the assessment on sewer 1018 for local drainage for the property described in the petition.

**Parker** and **Wildman, JJ.,** concur.

---

**EVIDENCE—NEGLIGENCE—PLEADINGS—WITNESSES.**

[Lucas (6th) Circuit Court, June, 26, 1909.]

Wildman and Kinkade, JJ.

(Parker, J., not sitting.)